UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GERARDO ENCARNACION CANDELARIO,

Petitioner,

v.

JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, acting U.S. Attorney General; and MIKE HOLLINSHEAD, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00479-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Petitioner Gerardo Encarnacion Candelario's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1). Petitioner is currently detained at the Elmore County Jail pursuant to Immigration and Customs Enforcement detention. For the reasons explained below, the Court will grant the Petition and order Petitioner's immediate release from custody.

## BACKGROUND

Petitioner is a native and citizen of Colombia[1] who entered the United States over four years ago without admission. *Petition* ¶ 20, Dkt. 1. On the night of May 30, 2026, Nampa police responded to a hit-and-run collision and located Petitioner, who admitted that he had been driving and had been drinking earlier that evening. Two breath samples measured .196 and .191. *Gov's Ex. 1*, Dkt. 6-1. Petitioner pleaded guilty to a first-offense misdemeanor DUI and was sentenced on July 27, 2026, to a jail term with a portion suspended, supervised probation, and a suspension of his driving privileges. *Gov's Ex. 2*, Dkt. 6-2. That conviction is his only criminal conviction in the four years he has lived in this country. *Petition* ¶ 3.

Two days after sentencing, ICE took Petitioner into custody. He is now detained at the Elmore County Jail in Mountain Home, Idaho. *Petition* ¶¶ 2, 14. Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have determined that he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 6–10. He has also filed a Motion for Temporary Restraining Order (Dkt. 2).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to

[1] It is unclear whether Petitioner is a citizen of Colombia or Mexico, as the Petition alleges conflicting information. *Compare Petition* ¶ 1, Dkt. 1 (noting Petitioner is a citizen of Mexico) with *id.* ¶ 20 (describing Petitioner as a native of Colombia).

every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout our nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.*

## ANALYSIS

The statutory question at the heart of this Petition is a familiar one—this Court has answered it dozens of times in recent months. Each of those cases traces to the same source: a change in position by DHS and EOIR on the reach of 8 U.S.C. § 1225, which requires that a limited class of noncitizens be detained without any opportunity for a bond hearing. *See, e.g., Elias v. Knight*, 817 F. Supp. 3d 970, 980-85 (D. Idaho 2025); *Guadarrama Ayala v. Henkey*, No. 1-25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Artega v Leyva*, 1:26-cv-00236-DCN, 2026 WL 1283869 (D. Idaho May 11, 2026). A full reexamination of that question is unnecessary here.

As the Court has previously explained, noncitizens facing immigration detention have historically been held under one of two statutes. Those "seeking admission into the country"—that is, noncitizens apprehended at or near the border—were detained under § 1225, which affords no bond hearing. Noncitizens already living in the United States were instead detained under 8 U.S.C. § 1226, which makes detention discretionary and provides a bond hearing, so that a detainee who poses neither a danger to the community nor a risk of flight may be released. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). The two statutes preserved a distinction the

law has long drawn between noncitizens residing in this country and those who have not yet entered it. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

That distinction held until last summer. On July 8, 2025, ICE issued its "Interim Guidance Regarding Detention Authority for Applicants for Admission," which treats every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they have lived in the United States. The Board of Immigration Appeals adopted the same position on September 5, 2025, holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), that immigration judges lack authority to conduct bond hearings for noncitizens who entered without admission because they are "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A).

Since the Petition was filed, the Ninth Circuit issued a decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), rejecting Respondents' argument and concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of §§ 1225 and 1226. *See, e.g., Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713, 735 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025); *J.Y.L.C. v. Bostock*,

2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.).

This Court has done the same. Confronted with a steady run of materially identical petitions, it has rejected Respondents' reading of § 1225 each time, setting out its reasoning at length in decisions such as *Elias*, 817 F. Supp. 3d at 980-85.

Respondents do not brief the statutory question here. They lodge a standing objection, incorporate their briefing from earlier cases, and acknowledge that every district judge in this District has rejected their reading. *Response* at 2–3 & n.1, Dkt. 6. *Rodriguez Vazquez* now settles the question for courts in this Circuit, and for the reasons given in its earlier decisions the Court concludes that Petitioner's mandatory detention under § 1225 is unlawful. *See Moctezuma Macias*, 2026 WL 221450, at *1. That leaves only the question of remedy.

In resolving a habeas petition, a district court has equitable discretion to dispose of the matter "as law and justice require." *See Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). But that discretion has limits. Relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court," and it "must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up).

For their part, Respondents ask that if the Court concludes § 1226(a) applies,

the matter be remanded to ICE for the custody determination that statute and its implementing regulations contemplate. *Response* at 3, Dkt. 6. But ICE made no such determination when it took Petitioner into custody. It detained him under § 1225(b)(2)(A), which calls for no assessment of danger or flight risk at all. Respondents cannot hold a person under a mandatory detention provision that does not reach him and then ask the Court for time to supply a discretionary rationale after the fact. *Gamino Padilla v. Knight*, No. 1:26-CV-00355-DCN, 2026 WL 1843470, at *3 n.2 (D. Idaho June 26, 2026) ("The Court's frustration all along has been that DHS/ICE seems to be taking a 'detain first, figure out later' approach."). Their request—as in the dozens of cases before this one—amounts to a plea for forgiveness for failing to do what they should have done in the first instance. The Court will not reward Respondents for continuing to choose this path.

Nor have Respondents offered evidence that Petitioner poses a danger to the community or a risk of flight. They argue only that "outright release is not justified due to Petitioner's recent conviction for a DUI offense." *Response* at 3, Dkt. 6. That conviction does not carry the weight Respondents give it. The offense was serious—Petitioner's breath samples measured more than twice the legal limit, and he left the scene of a collision. But he was charged with and pleaded guilty to a single misdemeanor, his first and only conviction in more than four years in this country. A first misdemeanor conviction, without more, does not establish that a person poses an ongoing danger. *See Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011). Congress

has specified which convictions require detention without bond, and a first misdemeanor DUI is not among them. *See* 8 U.S.C. § 1226(c).

The Court reached the same conclusion on similar facts. *See, e.g., Florez v. Leyva*, No. 1:26-CV-00446-DCN, 2026 WL 2215714, at *2 (D. Idaho July 31, 2026) (acknowledging driving under the influence is a serious crime but finding it did not "tend to show an obvious danger or risk of flight in the context of immigration proceedings"); *Vazquez v. Leyva*, No. 1:26-CV-00424-BLW, 2026 WL 2168835, at *3 (D. Idaho July 28, 2026) (ordering immediate release for a petitioner with two misdemeanor DUIs). Set against the conviction here are Petitioner's four years of residence, his guilty plea, and letters from friends who describe him as steady and quick to help others.

Immediate release is also the remedy this Court and others have ordered on comparable facts. *See, e.g., Avalos Sanchez v. Leyva*, No. 1:26-CV-00361-BLW, 2026 WL 1831426, at *2 (D. Idaho June 25, 2026); *J.U. v. Maldonado*, No. 25-cv-4836, 2025 WL 2772765, at *10 (E.D.N.Y. Sept. 29, 2025); *Rosado v. Figueroa*, No. 25-cv-2157, 2025 WL 2337099, at *19 (D. Ariz. Aug. 11, 2025); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025). As one court explained, "without a legitimate interest in his detention, immediate release appropriately remedies Respondents' violation of Petitioner's due process rights through his continued detention." *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at *13-14 (W.D. Tex. Oct. 2, 2025) (cleaned up). The same is true here.

Finally, the remedy must account for how Respondents have proceeded. They filed their response after *Rodriguez Vazquez* issued and have not abandoned their reading of § 1225. *Response* at 2–3, Dkt. 6. As this Court has observed, a habeas order binds only the petitioner before it, so detainees will keep filing nearly identical petitions and waiting in jail while each one is decided. That wait is itself a substantial deprivation of liberty, and substituting a bond hearing for release would only lengthen it. The Court will not impose that delay on Petitioner. *See Avalos Sanchez*, 2026 WL 1831426, at *2.

## ORDER

**IT IS ORDERED that**:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**. Respondents shall release Petitioner from custody forthwith.
2. Respondents shall not again detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). Should Respondents seek to take Petitioner back into custody under § 1226(a), they shall first give him notice and a hearing before a neutral decisionmaker, at which the Government bears the burden of showing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk.
3. Nothing in this Order limits Respondents' authority to continue removal proceedings against Petitioner.

4. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: August 19, 2026

B. Lynn Winmill
U.S. District Court Judge